UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTIN JAMAR MAYWEATHER-BROWN, )
                                                                            )
           Plaintiff,        )
                                )    CAUSE NO. 3:15-CV-16 RM
   v.                              )
                                )
CHARLEY PAYNE, *et al.*,      )
                                )
           Defendants.     )

## OPINION AND ORDER

Quintin Jamar Mayweather-Brown, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 against three defendants alleging that they used excessive force against him and denied him medical treatment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Mayweather-Brown alleges that on July 21, 2014, Officer Eric Fisset put him in a choke hold while Cpl. Dorring and Lt. Charley Payne held him. He alleges that he was choked until he was unconscious. He alleges that when he awoke, these defendants slammed him face first into elevators doors and the wall while he was wearing handcuffs

and shackles. He alleges that he was then slammed into a van and then shackled in a police car. He alleges that Lt. Payne ordered Officer Fisset and Cpl. Dorring to use tasers on him. He alleges that for at least 45 seconds, Cpl. Dorring shot him in the leg with a taser and Officer Fisset shot him in the abdomen with a taser. Finally, he alleges that Lt. Payne denied him medical treatment for two hours while he was transported to the Miami Correctional Facility where a doctor cut the taser prongs from his abdomen.

Mr. Mayweather-Brown was a pretrial detainee when these events occurred. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010). "[A]nything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." Lewis v. Downey, 581 F.3d 467, 473 (7th Cir. 2009).

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. The allegations in this complaint state a

2

claim for an excessive use of force by Officer Eric Fisset, Cpl. Dorring, and Lt. Charley Payne.

To state a claim for the denial of medical treatment, the complaint must allege that a defendant was deliberately indifferent to an inmate's serious medical needs. <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1373 (7th Cir. 1997). The allegations in this complaint plausibly allege that Mr. Mayweather-Brown had an obvious need for medical treatment on July 21, 2014, and that Lt. Charley Payne was deliberately indifferent to that need when he delayed his access to medical care for two hours.

For the foregoing reasons, the court:

(1) GRANTS Quintin J. Mayweather-Brown leave to proceed on a Fourteenth Amendment claim for compensatory damages against Officer Eric Fisset, Cpl. Dorring, and Lt. Charley Payne in their individual capacities for an excessive use of force on July 21, 2014,

(2) GRANTS Quintin J. Mayweather-Brown leave to proceed on a Fourteenth Amendment claim for compensatory damages against Lt. Charley Payne in his individual capacity for a 2 hour delay of medical treatment on July 21, 2014,

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk to transmit the summons and USM-285 forms for Officer Eric Fisset, Cpl. Dorring, and Lt. Charley Payne to the United States Marshals Service along with a copy of the complaint and this order;

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Eric Fisset, Cpl. Dorring, and Lt. Charley Payne; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Eric Fisset, Cpl. Dorring, and Lt. Charley Payne respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May  14 , 2015

/s/ Robert L. Miller, Jr.
Judge,
United States District Court